# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JENNIFER IHEAKANWA | * | |
| 12931 LAUREL BOWIE ROAD | * | |
| APT. 203 | * | CASE NO: |
| LAUREL, MD. 20708 | * | |
|     Plaintiff | * | |
| | * | |
| v. | * | |
| | * | |
| SAKS FIFTH AVENUE LLC | * | |
| 12 EAST 49TH STREET | * | JURY TRIAL DEMANDED |
| NEWYORK, NY 10017 | * | |
| | * | |
| | * | |
| SERVE ON | * | |
| | * | |
| CSC-LAWYERS INCORPORATING SERVICE COMPANY | | |
| 7 ST. PAUL STREET, SUITE 820 | * | |
| BALTIMORE, MD 21202 | * | |
| | * | |
| Defendant | * | |

## COMPLAINT

COMES NOW Plaintiff, Jennifer Iheakanwa, by her counsel, Edith Okoroigbo, Esq., and files this complaint for an Order and Judgment against defendant Saks Fifth Avenue LLC. (Saks) for the sum of One Hundred Thousand Dollars ($100,000.00), or such other damages as Plaintiff can prove at trial. In support of this claim, Plaintiff states as follows:

## PARTIES

1. Plaintiff is a resident of Prince Georges County, Maryland.

2. Defendant is a resident of Massachusetts but does business in Maryland.

## JURISDICTION AND VENUE

3.  The court has jurisdiction under 28. U.S.C. §1332 because plaintiff is a Maryland resident and Defendant is a Massachusetts company that does business in the State of Maryland.

4.  Venue is proper in this district and division pursuant to 28 U.S.C. § 1391 (b), and the unlawful actions and practices alleged herein were committed within the District of Maryland.

## STATEMENT OF FACTS

5.  On May 26, 2021, at about 12.31 p.m., Plaintiff was at the Defendant's store located at 5555 Wisconsin Avenue, Chevy Chase, Maryland to conduct her regular shopping business.

6.  While at the store, Plaintiff made her purchases and paid for all her purchases with one of the cashiers at the register.

7.  Plaintiff's total purchase was $22,743.36.

8.  Plaintiff paid $6,408.36 in cash and placed the remaining balance on her debit card.

9.  The Cashier counted Plaintiff's cash payment in her presence and confirmed that Plaintiff's payment was complete.

10. That the Saks Cashier issued a payment receipt to Plaintiff.

11. Plaintiff left Saks Fifth Avenue and continued her daily activities.

12. On or at about 4.00 p.m. the same day, Plaintiff received a phone call from Saks requesting that Plaintiff should come to the store.

13. That the Saks employee told Plaintiff that she should return to Saks because Saks' sales record was short by $3,000.00.

14. The caller (same Cashier that transacted the sale with Plaintiff) told Plaintiff that she believes that the shortage was from Plaintiff's transaction.

15. Plaintiff made reasonable effort to explain to the Cashier that she counted the money and that the Cashier recounted the money in her presence twice.

16. Plaintiff told the Cashier to go back to the store video recording to ascertain where her shortage came from.

17. The Saks Cashier insisted that Plaintiff should come to the store.

18. Plaintiff agreed to come in the next day May 27, 2021, at 11.00 a.m.

19. Plaintiff demanded that Saks should have the video recordings ready so that parties involved will review the video recording.

20. That when Plaintiff arrived at Saks Fifth Avenue on May 27, 2021, the Cashier went and called her manager.

21. The Cashier and her manager confronted Plaintiff in the presence of other shoppers inside the store.

22. The Cashier and her manager insisted that the shortage was from Plaintiff's transaction.

23. The Cashier and her manager failed or refused to play the video recordings of the sale transaction as demanded by Plaintiff.

24. The manager continued to yell at Plaintiff, and this attracted other shoppers.

25. The other shoppers stopped and gazed at the Plaintiff to see what the commotion was about.

26. Plaintiff to avoid the embarrassment and ridicule; out of fear and intimidation, paid another $3,000.00 to Saks.

27. That after Plaintiff paid another $3,000.00 to the Cashier, the manager walked up to the Plaintiff and threatened the Plaintiff.

28. The manager in front of other shoppers / on lookers said to the Plaintiff "It's good you paid this $3,000.00, because I would hate for you to suffer because of this."

29. Plaintiff demanded that the manager explain what she meant when she said that she would hate for her to suffer for this.

30. That the manager ignored Plaintiff's request for an explanation.

31. That the manager walked away without explaining what she meant.

32. Plaintiff left Saks embarrassed, humiliated and in shame.

33. That few days after this incident, Plaintiff's friends contacted her to inquire as to this incident that occurred at Saks.

34. That Plaintiff's friends and family heard about this incident from shoppers who were at the store at the time of the incident.

35. As a result of this incident, Plaintiff's reputation among her friends and family was tarnished.

36. On August 14, 2021, Defendant returned the additional $3,000.00 they took from Plaintiff on May 27, 2021 but have failed to compensate Plaintiff for what she suffered as a result of their negligent act.

37. Plaintiff continues to suffer from this humiliation, ridicule, shame, emotional distress, and other forms of health disorder as a result of defendant's negligent act.

## STATEMENT OF CLAIM

## <u>COUNT 1</u>

## <u>NEGLIGENCE</u>

38. Plaintiff repeats all allegations of paragraphs 1 through 37 of this complaint as though fully set herein and incorporated by reference.

39. Saks Fifth Avenue has a duty to Plaintiff and other patrons to properly conduct their business which includes recounting money/ payment made by their customers in a careful and prudent manner; to provide good customer service to their customers, to pay attention to all customer's request and concerns, including avoiding racial profiling, intimidation, humiliation, and to obey laws, rules and regulations relating to the operation of similar businesses in the State of Maryland.

40. Defendant Saks Fifth Avenue breached the duty they owed the plaintiff when they singled out Plaintiff because of her race and nationality out of the other shoppers who shopped at the same time and day as the Plaintiff did.

41. Defendant's act was the direct and proximate cause of the damages sustained by the plaintiff on the date of the incident.

42. The plaintiff neither contributed to the negligence that caused the damages, nor assumed the risk thereof.

43. The plaintiff has made demands on the defendant for compensation for the damage, and to this day, the plaintiff has not been compensated.

44. The Defendant's conduct constitutes negligence which caused emotional injury and damage and other expenses to the plaintiff, justifying an award of monetary damages against the defendant.

## COUNT II

## DISCRIMINATION BASED ON RACE

## PUBLIC ACCOMMODATION.

Plaintiff repeats and incorporates by reference the allegations contained in paragraphs 1 through 44 above as if herein set out seriatim.

45.

That Saks staff's decision to recall Plaintiff back to the store for interrogation, was racially motivated because of her race.

46.

That Plaintiff was the only black woman that made a large purchase of items that came to a total amount of about $22,743.00 and paid cash in the amount of $6,408.36 to this cashier on that day.

47.

That majority of the other patrons that transacted business with the same cashier that rang up the Plaintiff were Caucasians.

48.

That the cashier and her manager who are Caucasians looked at the Plaintiff with suspicion and talked to her in a condescending manner.

49.

That Saks has an unwritten policy of treating black shoppers in a condescending manner and with suspicion.

50.

6

That the cashier and her manager's attitude towards Plaintiff was motivated by their intolerance of Plaintiff's race and this amounts to discrimination based on Race.

WHEREFORE, Plaintiff prays that this court enter judgment in her favor and against the Defendant as follows:

    a. That a finding be entered that the Defendant discriminated against the Plaintiff with malice or reckless indifference to Plaintiff's protected rights in violation of Md. Code Title § 20 -304.

    b. That Plaintiff be awarded all compensation due to Defendant's lack of public accommodation and discriminatory acts.

    c. That Plaintiff be awarded compensatory and punitive damages in the maximum amount allowed by law.

    d. That Plaintiff be awarded reasonable attorney's fee and costs.

    e. That Plaintiff be awarded pre-judgment interest; and

That Plaintiff be awarded such other and further relief as may be just and necessary.

## COUNT III

## DEFAMATION

Plaintiff repeats and incorporates by reference the allegations contained in paragraphs 1 through 50 above as if herein set out seriatim.

51.

That when Plaintiff arrived at Saks Fifth Avenue on May 27, 2021, the Cashier went and called her manager.

52.

The Cashier and her manager confronted Plaintiff in the presence of other shoppers inside the store.

53.

The Cashier and her manager falsely alleged that the Plaintiff's paid less money than owed from her purchases, thereby accusing Plaintiff of stealing the unpaid items.

54.

The Cashier and her manager failed or refused to play the video recordings of Plaintiff's sale transaction as demanded by Plaintiff to vindicate her position that she paid complete money to the cashier.

55.

The manager continued to yell at the Plaintiff, and this attracted the attention of the other shoppers.

56.

The other shoppers gathered and gazed at the Plaintiff to see what the commotion was about.

57.

Some of the shoppers seem to be taking photographs of the Plaintiff.

58.

That Plaintiff to avoid further embarrassment and ridicule, was compelled to pay another $3,000.00 to Saks.

8

59.

That after Plaintiff paid the cashier another $3,000.00, the manager walked up to the Plaintiff and threatened the Plaintiff.

60.

That the manager in front of other shoppers / on lookers said to the Plaintiff "It's good you paid this $3,000.00, because I would hate for you to suffer because of this."

61.

Plaintiff demanded that the manager explain what she meant by that threat.

62.

That the manager ignored Plaintiff's request for an explanation, asked Plaintiff to leave and then walked away.

63.

Plaintiff left Saks embarrassed, humiliated and in shame.

64.

That few days after this incident, some of Plaintiff friends contacted her to inquire as to this incident at Saks.

65.

That Plaintiff's friends and family also heard about this incident from shoppers who were at the store at the time of the incident.

66.

As a result of this incident, Plaintiff reputation among her friends and family was tarnished.

67.

Plaintiff continues to suffer from this humiliation, ridicule, shame, mental anguish, emotional distress, and other forms of health disorder because of defendant's action.

WHEREFORE, Plaintiff prays that this court enter judgment in her favor and against the Defendant as follows:

    a. That a finding be entered that the Defendant defamed Plaintiff's character with malice and reckless indifference to Plaintiff's rights.

    b. That Plaintiff be awarded all compensation due to Defendant's reckless act of defamation of her character.

    c. That Plaintiff be awarded compensatory and punitive damages in the maximum amount allowed by law.

    d. That Plaintiff be awarded reasonable attorney's fee and costs.

    e. That Plaintiff be awarded pre-judgment interest; and

    f. That Plaintiff be awarded such other and further relief as may be just and necessary.

WHEREFORE, Plaintiff Jennifer Iheakanwa demands judgment against Defendant Saks Fifth Avenue for compensatory damages in the amount of One Hundred Thousand dollars ($100,000.00), or any other sum Plaintiff can prove at the trial of this action with interest and costs.

## OATH AND AFFIRMATION

I SOLEMNLY DECLARE AND AFFIRM UNDER THE PENALTIES OF PERJURY THAT THE STATEMENTS MADE AND THE FACTS CONTAINED IN THE FOREGOING COMPLAINT ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.

_____
Jennifer Iheakanwa, Plaintiff.

Respectfully submitted,

_____
Edith U. Okoroigbo
Federal Bar No.: 17660
4703 Falls Road
Baltimore, Maryland 21209
Telephone: (443)570-0137
Facsimile: (410) 235-2480
Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff requests for a trial by jury on all issues so triable.

_____
Edith U. Okoroigbo
Federal Bar No.: 17660
4703 Falls Road
Baltimore, Maryland 21209
Telephone: (443)570-0137
Facsimile: (410) 235-2480
Attorney for Plaintiff.