IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

| | |
|---|---|
| JENNIFER IHEAKANWA,     ) | |
|     ) | |
|   Plaintiff,     ) | |
|     ) | |
|   v.     ) | Civil Case No.: GLS-21-2930 |
|     ) | |
| SAKS FIFTH AVENUE, LLC,     ) | |
|     ) | |
|     ) | |
|   Defendant.     ) | |
| _____) | |

**MEMORANDUM OPINION**

Pending before the Court is a Letter Request to Dismiss the Second Amended Complaint ("Request to Dismiss"), filed by Defendant Saks Fifth Avenue, LLC. ("Defendant"). (ECF No. 28). The Court construes the Letter Request as a motion to dismiss and finds that the issues raised have been fully briefed, as the Plaintiff, Jennifer Iheakanwa ("Plaintiff"), has filed a letter in opposition ("Letter Opposition") and the Defendant has filed a reply ("Reply"). (ECF Nos. 29, 30). No hearing is necessary. *See* Local Rule 105.6 (D. Md. 2021).   For the reasons set forth below, Defendant's Request to Dismiss the Second Amended Complaint is granted in part, denied in part**.**

**I.     BACKGROUND**

**A.  Procedural Background**

On November 15, 2021, Plaintiff filed a three-count complaint against the Defendant, alleging Maryland law violations of negligence, discrimination based on race, and defamation. This Court's jurisdiction is premised upon diversity of citizenship pursuant to 28 U.S.C. § 1332.

(ECF No. 1). On December 21, 2021, the parties consented to the jurisdiction of this Court pursuant to 28 U.S.C. § 636(c). (ECF No. 13).

Thereafter, on January 3, 2022, Defendant filed a "Notice of Intent to File a Motion to Dismiss Plaintiff's Complaint." On January 10, 2022, Plaintiff filed a "Notice of Intent to File Amended Complaint," contemporaneously with her First Amended Complaint. The First Amended Complaint no longer contained a discrimination claim. Instead, Plaintiff advanced claims of negligence, defamation, and civil conspiracy against the Defendant. On January 11, 2022, Plaintiff filed her response to Defendant's pleading. (ECF Nos. 20-23).

At the Fed. R. Civ. P. 16 teleconference held on January 21, 2022, the Court: (1) granted Plaintiff's request to file her First Amended Complaint; (2) granted Plaintiff leave to file a Second Amended Complaint; and (3) set a letter briefing schedule for the parties to set forth their arguments regarding whether the Second Amended Complaint should be dismissed. (ECF Nos. 25, 26).

On March 14, 2022, Plaintiff filed her Second Amended Complaint. The Second Amended Complaint no longer contains a negligence count; rather it contains two causes of action, namely allegations of defamation (Count I) and a civil conspiracy to defame Plaintiff (Count II). (ECF No. 27, "Second Amended Complaint").

On March 28, 2022, Defendant filed its Request to Dismiss, and Plaintiff filed her response thereto on April 11, 2022.  Defendant filed its Reply in support of its Request to Dismiss on April 25, 2022.

**B. Factual Background[1]**

Plaintiff alleges that on May 26, 2021, she entered Defendant's store, which is located at 5555 Wisconsin Avenue, Chevy Chase, Maryland. (Second Amended Complaint, ¶ 5). Plaintiff made a purchase of $22,743.36; she paid $6,408.36 in cash and paid the remaining balance on her debit card. (*Id.*, ¶¶ 7, 8). Then, Plaintiff left Defendant's store, having been issued a receipt after the cashier counted the cash payment twice. The same day, at about 4:00 p.m., Plaintiff received a phone call from Defendant. The cashier who had been involved in Plaintiff's transaction explained that the sales record was short by $3,000.00 that day and she believed that the shortage came from Plaintiff's purchase. Plaintiff told the cashier to review the relevant video footage of her transaction. The cashier insisted that Plaintiff return to the store, and Plaintiff did so the next day. (Second Amended Complaint, ¶¶ 10-14, 16 -18, 63, 64).

On May 27, 2021, after Plaintiff arrived at the store, the cashier called her manager. (*Id.*, ¶ 20). The cashier and the manager then confronted Plaintiff in the presence of other shoppers inside the store. The cashier and the manager insisted that the $3,000.00 shortage was from Plaintiff's purchase. (*Id.*, ¶¶ 21, 22). They "failed or refused" to play the video footage despite Plaintiff's demands (*Id.*, ¶¶ 23, 46, 65). The manager yelled at Plaintiff, which drew the attention of shoppers, who "stopped and gazed at the Plaintiff to see what the commotion was about." (*Id.*, ¶¶ 24, 25, 47, 48). Some shoppers took pictures of Plaintiff. (*Id.*, ¶ 49).

An unnamed third party intervened, at which point the manager told the third party that Plaintiff "purchased some items and failed to pay for some of those items." (*Id.*, ¶ 26). Plaintiff

---

[1] Unless otherwise noted, the facts are taken from the Second Amended Complaint and are construed in the light most favorable to the non-moving party, Plaintiff. This Court assumes Plaintiff's version of facts to be true. *See Baltimore Scrap Corp. v. Exec. Risk Specialty Ins. Co.*, 388 F. Supp. 3d 574, 584 (D. Md. 2019) ("In reviewing a 12(b)(6) motion, a court must accept as true all of the factual allegations contained in the complaint and must draw all reasonable inferences from those facts in favor of the plaintiff").

then paid an additional $3,000.00 to Defendant "to avoid the embarrassment and ridicule" and "out of fear and intimidation." (*Id.*, ¶ 27). After Plaintiff paid the money to the cashier, the manager approached Plaintiff and threatened her. (*Id.*, ¶¶ 28, 51). In front of the other patrons of the store, the manager said, "It's good you paid this $3,000.00, because I would hate for you to suffer because of this." (*Id.*, ¶¶ 29, 52). The manager did not explain the statement further, despite Plaintiff's request. (*Id.*, ¶¶ 31, 32, 53). Instead, the manager asked Plaintiff to leave. (*Id.*, ¶ 53). According to the Plaintiff, the manager's statements meant that "Plaintiff had taken Defendant's merchandise without paying for the items," and that if Plaintiff did not pay the additional money, she would be "charged with and prosecuted for theft." (*Id.*, ¶ 54).

The manager and cashier knew that the statements were false and refused to play the video footage of Plaintiff's original purchase because of that knowledge. (*Id.*, ¶¶ 55, 56). According to the Plaintiff, the cashier and manager had "agreed and conspired between themselves to create a bogus shortage in cash payment" so that they could "extort additional money from Plaintiff." (*Id.*, ¶ 66). The employees made this plan to "accuse Plaintiff of not paying for part of her shopping bill" so that they would "avoid getting into trouble with their employer for the sales shortage resulting from their incompetence." (*Id.*, ¶ 71).

Following the confrontation, Plaintiff left the store, feeling embarrassed, humiliated, and ashamed. (*Id.*, ¶¶ 33, 57). As a result of the incident, Plaintiff was unable to timely make her rent payment for June 2021. (*Id.*, ¶¶ 35, 61). In addition, Plaintiff's reputation "was tarnished" because her friends contacted her to inquire about the incident, having heard about it from shoppers who were present in the store. (*Id.*, ¶¶ 36, 37, 38, 58, 59, 61). Plaintiff's work performance was also adversely affected. (*Id.*, ¶¶ 39, 61). Finally, Plaintiff suffers from "humiliation, ridicule, shame,

emotional distress, and other forms of health disorder," including that she apparently sought counseling after the events at Defendant's store. (*Id.*, ¶¶ 41, 61).

On August 14, 2021, Defendant returned the additional $3,000.00 Plaintiff paid on May 27, 2021. (*Id.*, ¶ 40).

## II.   STANDARD OF REVIEW

A defendant who files a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is asserting that, even if a court construes the facts advanced in the Plaintiff's complaint as true, that complaint fails to state a claim upon which relief can be granted.  To survive a motion to dismiss, a complaint must provide a defendant with fair notice of the claim and "the grounds upon which it rests." *Ray v. Roane*, 948 F.3d 222, 226 (4th Cir. 2020) (citing *Tobey v. Jones*, 706 F.3d 379, 387 (4th Cir. 2013)). In other words, a complaint must contain sufficient facts and must state a "plausible claim for relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also* Fed. R. Civ. P. 8(a); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (complaint must set forth enough facts as to suggest a "cognizable cause of action").  A claim satisfies this requirement, i.e., has "facial plausibility," when a plaintiff pleads sufficient factual content to "allo[w] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  At this stage, a court does not resolve disputes of facts or the merits of claims. *Ray*, 948 F.3d at 226 (citation omitted).

## III.   DISCUSSION

### A.  Plaintiff's Exhibits to the Letter Opposition

In this case, Plaintiff attached two exhibits to her Letter Opposition to support her arguments that she has sufficiently pleaded her claims. Because a motion to dismiss tests the sufficiency of a complaint, a court generally limits its review to the allegations in the complaint.

5

*Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016) (quoting *Occupy Columbia v. Haley*, 738 F.3d 107, 116 (4th Cir. 2013)).  However, a court may consider additional documents if they are integral to a complaint and their authenticity is not in dispute. *King v. Rubenstein*, 825 F.3d 206, 212 (4th Cir. 2016) (quoting *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009)); *Goines*, 822 F.3d at 166; *Robinson v. American Honda Motor Co., Inc.*, 551 F.2d 218, 222-23 (4th Cir. 2009) (a court may consider a document attached to a plaintiff's opposition to a motion to dismiss because the document was integral to and explicitly referenced in the complaint). To be "integral," a document must "by its 'very existence, and not the mere information it contains, give[] rise to the legal rights asserted.'" *Parker v. Children's Nat'l Med. Ctr.*, Inc., Civ. No. ELH-20-3523, 2021 WL 5840949, at *5 (D. Md. Dec. 9, 2021) (quoting *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point*, *LLC*, 794 F. Supp. 2d 602, 611 (D. Md. 2011)).

In this case, Plaintiff's exhibits are: (1) an unsworn letter from a friend of Plaintiff's who is a professional counselor; and (2) an unsworn letter from Plaintiff's sublessor. (ECF No. 29-1). Plaintiff has not made any argument as to why the Court may consider these two exhibits in the context of this request to dismiss. Indeed, Plaintiff does not reference these documents in the Second Amended Complaint, and these letters do not give rise to Plaintiff's claims. As a result, this Court does not find that these two letters are integral to Plaintiff's Second Amended Complaint. *See Robinson*, 551 F.2d at 222-23. Accordingly, the Court declines to consider these exhibits.

### B. Defamation

Defendant asserts that Count I should be dismissed because Plaintiff has not alleged: (1) a defamatory communication to a third party; (2) a statement that is false; (3) damages caused by

the statements;[2] and (4) actual malice required to receive punitive damages. (Request to Dismiss, pp. 3-4).

Plaintiff counters that she has alleged: (1) two defamatory communications, one within earshot of third parties, and one directly made to a third party; (2) statements that imply that she committed theft, which were false; (3) harm caused by the statements; and (4) that the employees acted with actual malice. (Letter Opposition, pp. 2-4).

Establishing a *prima facie* case of defamation in Maryland, requires proof of four elements: (1) the defendant made a defamatory statement to a third person; (2) the statement was false; (3) the defendant was legally at fault in making the statement; and (4) the plaintiff thereby suffered harm. *Offen v. Brenner*, 402 Md. 191, 198, 935 A.2d 719 (2007) (citing *Smith v. Danielczyk*, 400 Md. 98, 115, 928 A.2d 795, 805 (2007)).

Although a plaintiff need not plead a defamation claim under the heightened pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure, a claim must still be sufficiently detailed to enable a defendant to appropriately respond. *See Hatfill v. N.Y. Times Co.*, 416 F.3d 320, 329 (4th Cir. 2005). The complaint does not need to contain the exact words alleged to be defamatory, nor the identity of the person to whom the statements were made. *Lora v. Ledo Pizza System, Inc.*, Civ. No. DKC-16-4002, 2017 WL 3189406, at *9 (D. Md. July 27, 2017); *Ruyter v. Maryland CVS Pharmacy, LLC*, Civ. No. TDC-14-2541, 2015 WL 759425, at *6 (D. Md. Feb. 20, 2015); *Freeman v. Synergy Mortgage Corp.*, Civ. No. WDQ-06-1152, 2006 WL 8456783, at *3 (D. Md. Sept. 27. 2006) (citing *Adler v. Am. Standard Corp.*, 538 F. Supp. 572, 576 (D. Md. 1982)).

---

[2] *See* Section III.D, *infra*, for an assessment of Plaintiff's claim for other damages.

Under the first element, a defamatory statement "'tends to expose a person to public scorn, hatred, contempt[,] or ridicule, thereby discouraging others in the community from having a good opinion of, or associating with, that person.'" *Norman v. Borison*, 418 Md. 630, 645, 17 A.3d 697, 705 n.10 (2011) (quoting *Offen*, 402 Md. at 198-99, 935 A.2d at 723-24).

In addition, there are two types of defamatory statements: *per se* and *per quod*. *Metromedia, Inc. v. Hillman*, 285 Md. 161, 172–73, 400 A.2d at 1123 (1979).  In general, a statement is defamatory *per se* when the hearer can "impute the defamatory character," from the words themselves and no further inference or context is necessary. *Indep. Newspapers, Inc. v. Brodie*, 407 Md. 415, 429, 966 A.2d 432, 441 (2009) (quoting *Metromedia*, 285 Md. at 172-73, 400 A.2d at 1123; *see also Shulman v. Rosenberg*, 2017 WL 5172642, at *9 (Md. Ct. Spec. App. Nov. 8, 2017). In such a case, the injurious nature of the words is a "self-evident fact of common knowledge of which the court takes judicial notice," such that it does not need to be "pleaded or proved." *M & S Furniture Sales Co. v. Edward J. De Bartolo Corp.*, 249 Md. 540, 544, 241 A.2d 126, 128 (1968).  By contrast, defamation *per quod* requires the plaintiff to allege "extrinsic facts" which establish the defamatory character of the words through context or innuendo. *Metromedia*, 285 Md. at 171, 400 A.2d at 1123.  Whether a statement is defamatory *per se* or *per quod* is a question of law. *Shapiro v. Massengill*, 105 Md. App. 743, 661 A.2d 202, 217 (1995); *see also Clayton v. Fairnak*, Civ. No. JKB-18-2134, 2018 WL 6446440, at *2 (D. Md. Dec. 10, 2018).

Under the second element, a statement is "false" if it was "not substantially correct." *Piscatelli v. Van Smith*, 424 Md. 294, 35 A.3d 1140, 1147 (2012). The plaintiff bears the burden of establishing falsity. *Batson v. Shiflett*, 325 Md. 684, 726, 602 A.2d 1191, 1213 (1992). *Lewis-Davis v. Bd. of Educ. of Baltimore Cnty.*, Civ. No. ELH-20-0423, 2021 WL 4772918, at *22 (D. Md. Oct. 13, 2021)

Under the third element, fault may be based on negligence or constitutional malice, sometimes referred to as "actual malice." *New York Times Co. v. Sullivan*, 376 U.S. 254, 279-80 (1964); *Batson*, 325 Md. at 711, 602 A.2d at 1210. Actual malice requires that the defendant made the statement "with actual knowledge" that the statement is false, "coupled with [his or her] intent to deceive another by means of that statement." *Piscatelli*, 424 Md. at 307-08, 35 A.3d at 1148 (quoting *Ellerin v. Fairfax Sav. F.S.B.*, 337 Md. 216, 240, 652 A.2d 1117, 1129 (1995)) (internal quotation marks omitted). Negligence requires that the defendant failed to "act as a reasonable person under the circumstances." *Henderson v. Claire's Stores, Inc.*, 607 F. Supp. 2d 725, 731 (D. Md. 2009).

Under the fourth element, harm is presumed if the statement was defamatory *per se* and if the plaintiff can demonstrate actual malice. *Rorie v. Bd. of Educ. of Charles Cnty.*, Civ. No. TDC-20-3173, 2021 WL 4290872, at *10 (D. Md. Sept. 21, 2021) (citing *Hearst Corp. v. Hughes*, 466 A.2d 486, 490 (Md. 1983)). In contrast, if the defamation is *per quod*, the plaintiff must plead facts to show that the words caused actual damages. *Metromedia*, 400 A.2d at 1123 (Md. 1979); *Samuels v. Tschechtelin*, 135 Md. App. 483, 763 A.2d 209, 245 (2000).

Actual damages may include economic loss, as well as "impairment of reputation and standing in the community, personal humiliation, and mental anguish and suffering." *Clayton v. Fairnak*, Civ. No. JKB-18-2134, 2018 WL 6446440, at *4 (D. Md. Dec. 10, 2018) (quoting *Jacron Sales Co. v. Sindorf*, 276 Md. 580, 350 A.2d 688, 692 (Md. 1976)). A plaintiff must allege damages with sufficient particularity to put a defendant on notice "of the manner, nature and extent of injury." *Wineholt v. Westinghouse Elec. Corp.*, 59 Md. App 443, 476 A.2d 217, 220 (1984).

In this case, Plaintiff alleges two separate statements. First, when a third party intervened in the altercation between the cashier, the manager, and Plaintiff, Plaintiff alleges that "the

manager told the third party that Plaintiff purchased some items and failed to pay for some of those items." ("Statement 1") (Second Amended Complaint, ¶ 26).  Second, Plaintiff alleges that after she paid the $3,000 to the cashier, the manager told plaintiff, "It's good you paid this $3,000.00, because I would hate for you to suffer because of this." ("Statement 2") (*Id.*, ¶ 29).  Consistent with the law, each allegedly defamatory statement constitutes "'a separate instance of defamation, which Plaintiff must specifically allege.'" *Gainsburg v. Steben & Co.*, 838 F. Supp. 2d 339, 344 (D. Md. 2011) (internal citation omitted); *see also Doe v. Salisbury Univ.*, 123 F. Supp. 3d 748, 758 (D. Md. 2015) (plaintiff must specifically allege each defamatory statement to satisfy federal pleading standards).

     1.     *Defamatory Communication to a Third Party*

Defendant first argues that Plaintiff failed to allege that the manager made any defamatory statements to a third party.

The Court finds that neither of the manager's statements qualifies as defamation *per se* under Maryland law. Although clear accusations of theft may constitute defamation *per se*, the injurious character of the words must be self-evident. *Compare Clayton*, 2018 WL 6446440, at *2 (statement that plaintiff was fired "for cause" was not defamatory *per se* where vagueness of statement could give rise to other non-defamatory meanings as to why plaintiff was fired) *and Gooch v. Maryland Mech. Sys., Inc*., 81 Md. App. 376, 394-95, 567 A.2d 954, 962-63 (1990) (statement that someone was the "victim of false information" was not defamatory *per se* because "false" and "victim" could have intentional and non-intentional meanings making extrinsic facts necessary to determine the proper connotation) *with Henderson*, 607 F. Supp. 2d at 729 (cashier's statements were defamatory *per se* because they "unambiguously accused plaintiff of being a thief").

Here, additional facts are necessary to understand the potentially defamatory meaning of each of the manager's statements. With regard to Statement 1 that Plaintiff had "purchased some items and failed to pay for some of those items," (Second Amended Complaint, ¶ 26), the statement is unclear. Specifically, it is inconsistent for a person to "purchase" items yet also "fail to pay" for them.  Second, this statement does not on its face unambiguously accuse Plaintiff of theft, as it could give rise to alternate, non-defamatory interpretations. For example, the statement could reasonably be understood to mean that some inadvertent technical glitch in the transaction prevented Plaintiff from making the full payment. *See M & S Furniture Sales Co. v. Edward J. De Bartolo Corp.*, 249 Md. 540, 544-45, 241 A.2d 126, 128 (1968) (alleged defamatory conduct "susceptible of more than one meaning" not defamatory *per se*"). Regarding Statement 2, where the manager is alleged to have said "It's good you paid this $3,000, because I would hate for you to suffer because of this," the Court finds it to be somewhat vague in meaning. The statement can only be understood as defamatory in light of extrinsic facts; i.e., more explanation is needed beyond the statement itself as to what "suffer" means in this scenario. In short, this statement is not clearly defamatory on its face. Accordingly, even viewing the facts in the light most favorable to the Plaintiff, the Court cannot conclude that either statement is defamatory *per se*.

The Court further finds that both statements become potentially defamatory only in light of contextual facts alleged in the Second Amended Complaint.  Accordingly, the Court holds that the statements could qualify as defamatory *per quod* if, upon consideration of the alleged extrinsic facts, the statements are "reasonably capable of a defamatory interpretation." *Scott v. Yount*, 2019 WL 1786017, at *7 (Md. Ct. Spec. App. Apr. 23, 2019). Here, Plaintiff alleges that the manager yelled at her, which "attracted other shoppers," causing them to "stop[] and gaze[] at the Plaintiff to see what the commotion was about." (Second Amended Complaint, ¶¶ 24, 25). Some shoppers

"took photographs of the Plaintiff." (*Id.*, ¶ 50). The shoppers and third parties who were present understood the manager's statements "to mean that Plaintiff had taken Defendant's merchandise without paying for the items and that if Plaintiff did not pay the additional [money] as demanded by Defendant, she would have been charged with and prosecuted for theft." (*Id.*, ¶ 54). The factual circumstances—namely, a contentious confrontation inside the store—could reasonably give rise to an interpretation of the manager's statements as implying that Plaintiff had wrongfully taken merchandise without paying for it. *See Scott*, 2019 WL 1786017, at *7. As a result, the Court holds that Plaintiff has sufficiently alleged facts to support a finding of defamation *per quod* for the two statements made by the manager.

Defendant further argues that Plaintiff has not alleged a communication to a third party because Statement 2 was directed to Plaintiff, not to a third party. (Request to Dismiss, p. 2). The Court finds that Statements 1 and 2 both meet the legal standard of a communication to a third party. Plaintiff alleges that Statement 1 was spoken directly to a third party, and Plaintiff alleges that Statement 2 was spoken to Plaintiff in the presence and hearing of other shoppers. (Second Amended Complaint, ¶¶ 26, 29, 54). *See, e.g.*, *Henderson*, 607 F. Supp. 2d at 730 (cashier's statements to plaintiff where other customers were in the store nearby satisfied the first element of defamation under Maryland law); *Great Atl. & Pac. Tea Co. v. Paul*, 256 Md. 643, 654, 261 A.2d 731, 738 (1970) (store manager who accused plaintiff of being a thief in front of other customers communicated a defamatory statement to a third party).

In sum, Plaintiff has plausibly pleaded that the store manager made two defamatory communications to a third party.

2.    *Falsity*

Defendant next argues that Statement 2 is not false because both components of the sentence are true. Specifically, Defendant first avers that Plaintiff agrees that she had paid the $3,000. Second, Defendant maintains that the second half of the statement is the manager's personal opinion or hope that she would not want Plaintiff to suffer. (Request to Dismiss, pp. 2-3). Plaintiff counters that Defendant improperly considers Statement 1 independently from Statement 2, which was intended to "insinuate theft" and was therefore false. (Letter Opposition, pp. 2-3).

As a preliminary matter, this Court reviews an allegedly defamatory statement as a whole because "words have different meanings depending on the context in which they are used." *Batson*, 325 Md. at 722, 602 A.2d at 1210 (quoting *Hohman v. A.S. Abell Co*., 44 Md. App. 193, 197, 407 A.2d 794, 797 (1979)).

Where a statement is not an outright statement of fact, "the issue of falsity relates to the defamatory facts implied by a statement." *Peroutka v. Streng*, 116 Md. App. 301, 321, 695 A.2d 1287, 1298 (1997) (quoting *Milkovich v. Lorain J. Co*., 497 U.S. 1, 20 n.10 (1990). In *Peroutka*, the Maryland Court of Special Appeals applied the rule articulated by the Supreme Court in *Milkovich* and by the Restatement (Second) of Torts § 566, that if a defendant expresses an opinion without disclosing the facts on which it is based, the opinion is defamatory if it creates a reasonable inference that it is "justified by the existence of unexpressed defamatory facts." *Peroutka*, 116 Md. App at 321, 695 A.2d at 1298; *see also Murray v. United Food & Com. Workers Int'l Union*, 289 F.3d 297, 306 (4th Cir. 2002) (motion to dismiss denied where alleged defamatory statement contained "implied assertions of underlying objective fact" that plaintiff had failed to fulfill the duties of his position); *Groom v. Bombardier Transportation Servs. USA Corp.*, Civ. No. MJG-

16-2624, 2017 WL 4947014, at *9 (D. Md. Oct. 31, 2017) (motion to dismiss denied where a jury could reasonably find that the *per quod* statement was intended to imply that the plaintiffs used drugs during the course of their employment). Put another way, where a plaintiff has alleged a statement that could reasonably be construed as implying false, defamatory facts, the plaintiff has plausibly alleged falsity. *See, e.g.*, *Murray*, 289 F.3d at 306; *Groom*, 2017 WL 4947014, at *9.

Drawing all reasonable inferences in favor of the Plaintiff, Statement 2, "It's good you paid this $3,000.00, because I would hate for you to suffer because of this," could reasonably be understood as implying that if Plaintiff had not paid the $3,000.00, she would have "suffer[ed]" because she could have reasonably been accused of theft. (Second Amended Complaint, ¶ 29). Because Plaintiff alleges that the reasonable implication of this sentence—that Plaintiff had stolen or underpaid by $3,000.00—is false, (*Id.*, ¶¶ 8, 9, 45, 55), she has plausibly alleged falsity as to the sentence as a whole. *See Batson*, 325 Md. at 722, 602 A.2d at 1210.

3.  *Fault*

In the instant case, the Defendant does not contend that Plaintiff has failed to meet her burden on fault.  Thus, the Court will not analyze this element.

4.  *Harm*

Defendant first argues that Plaintiff has failed to plead that the alleged defamatory statements caused her harm, rather than the "incident as a whole." (Request to Dismiss, pp. 3-4; Reply, p. 2).  Although difficult to understand, Defendant appears to be making a causation argument, namely that Plaintiff has failed to establish a causal connection between Statements 1 and 2 and her alleged harm. Defendant seems to suggest that the Court should discount the significance of the manager's statements because the transaction should be viewed as a whole. Defendant does not cite to any caselaw to support its argument that the Court should ignore the

manager's statements or Plaintiff's allegations that these statements caused the incident. At the same time, Defendant appears to ask the Court to strip the statements of their context. This, the Court will not do. In the Second Amended Complaint, Plaintiff alleges generally that her harm stems from "this incident," Defendant's "negligent act," or "[D]efendant's action." (Second Amended Complaint, ¶¶ 38, 40, 41, 60, 61). However, Plaintiff also alleges specifically that the statements themselves caused her emotional and reputational harm. (*Id.*, ¶¶ 27, 33, 36, 38, 50, 57, 61). In sum, Defendant's argument regarding causation is unavailing.

Next, the law is clear that Plaintiff must also allege, with sufficient particularity, actual damages resulting the defamatory statements. The resulting damages may not be based on speculation or conjecture; they must be particularized. *Clayton*, 2018 WL 6446440, at *2; *Gooch v. Maryland Mech. Sys., Inc*., 81 Md. App. at 393, 567 A.2d at 961. Here, Plaintiff alleges her harm as follows: (1) she was unable to pay her rent on time in June 2021; (2) she experienced embarrassment, humiliation, shame, and trauma; (3) her "reputation among her friends and family was tarnished;" (4) her "work performance was adversely affected" in that she experienced a "decline in job performance" due to emotional trauma; (5) she experienced "emotional distress;" (6) she experienced "other forms of health disorder;" and (7) she went to counseling as a result of this incident. (Second Amended Complaint, ¶¶ 33, 34, 35, 38, 39, 41, 57, 60, 61). Plaintiff concedes that on August 14, 2021, Defendant returned the additional $3,000.00 originally taken from Plaintiff. (*Id.*, ¶ 40).

Reading the Second Amended Complaint in the light most favorable to the Plaintiff, Plaintiff does not allege economic damages resulting from the two statements with sufficient particularity. However, Plaintiff does sufficiently allege actual, non-economic damages caused by the two statements.

First, Plaintiff fails to sufficiently allege actual damages based on: (1) her inability to pay her June 2021 rent in a timely manner; or (2) the time period where she alleges Defendant improperly possessed $3,000.00 belonging to her between May 27, 2021, and August 14, 2021. Plaintiff alleges that she planned to use the $3,000.00 to pay her rent for June 2021, but she has not alleged particularized harm that resulted from not timely paying her rent, *e.g.*, late fees, bounced check fees, or fees because she had insufficient funds in her bank account. (*Id.*, ¶ 34). As a result, any alleged economic harm is based on "speculation or conjecture," and the Court finds that the Second Amended Complaint fails to allege any actual economic damages with sufficient particularity. *Clayton*, 2018 WL 6446440, at *2. In addition, to the extent that Plaintiff alleges economic harm related to her "decline in job performance," she has not alleged any specific facts of an economic nature; *e.g.*, she was forced to take unpaid leave or sick or annual leave, which caused her to fall behind in her work. (Second Amended Complaint, ¶ 61). In sum, the Second Amended Complaint fails to sufficiently allege any economic damages.

However, to the extent that Plaintiff alleges non-economic damages due to emotional distress, she so alleges with sufficient particularity. Under Maryland law, actual damages may include "mental anguish and suffering." *Jacron Sales Co. v. Sindorf*, 350 A.2d at 692. Plaintiff has alleged that as a result of the statements at Defendant's store she: (1) experienced "humiliation, shame, and resulting trauma," which in turn adversely affected her work, causing a "decline in job performance;" (2) suffered "ridicule," "emotional distress," "embarrassment," and "mental anguish;" (3) suffered "other forms of health disorder;" and (4) sought mental health treatment in the form of counseling. (Second Amended Complaint, ¶¶ 33, 39, 41, 50, 57, 61). Accordingly, Plaintiff has plead the "further factual enhancement" beyond the mere categories of harm necessary to state a claim that is plausible on its face. *Clayton*, 2018 WL 6446440, at *5 (quoting

*Iqbal*, 556 U.S. at 678); *see also Wineholt*, 59 Md. App. at 443, 476 A.2d at 220 (plaintiff adequately pleaded actual damages by alleging mental anguish impacting her job performance).

With regard to reputational harm, Plaintiff alleges that: (1) her friends contacted her to inquire about the incident; (2) her friends and family heard about this incident from shoppers who were at the store; and (3) her reputation among her friends and family was tarnished. (Second Amended Complaint, ¶¶ 36, 37, 38, 58, 59, 60). Although Plaintiff has not alleged facts supporting a loss of "substantial hospitality" among people who no longer associate with her, *Wineholt*, 59 Md. App. at 449, 476 A.2d at 221, drawing all reasonable inferences in the Plaintiff's favor, the Court finds that Plaintiff has plausibly alleged that because of the defamatory statements her reputation amongst her friends and family has been harmed. Accordingly, Plaintiff has sufficiently pleaded non-economic damages.

In sum, the Court denies Defendant's request to dismiss Count I of the Second Amended Complaint.

### C.   Civil Conspiracy

Defendant also argues that Count II because: (1) there is no underlying tort to give rise to a claim for conspiracy, as Plaintiff failed to plead sufficient facts to support a finding that the employees conspired to defame the Plaintiff; and (2) the intra-corporate conspiracy doctrine prohibits liability under Maryland law. (Request to Dismiss, pp. 4-5).

Plaintiff counters that: (1) because she has stated a claim for defamation, she has also stated a claim for civil conspiracy; and (2) the actions of the employees fall within an exception to the intra-corporate conspiracy doctrine because the employees acted out of an "independent legal stake." (Letter Opposition, pp.  4-5).

As set forth below, the Court finds that Plaintiff has not sufficiently plead a claim of civil conspiracy. Accordingly, the Court need not reach the parties' arguments regarding the intra-corporate conspiracy doctrine.

A claim of civil conspiracy requires proof of three elements:

(1) a confederation of two or more persons by agreement or understanding;
(2) some unlawful or tortious act done in furtherance of the conspiracy or use of lawful or tortious means to accomplish an act not in itself illegal; and
(3) actual legal damages resulting to the plaintiff.

*Lloyd v. Gen. Motors Corp.*, 397 Md. 108, 154, 916 A.2d 257, 284 (2007) (further citation omitted). Importantly, "civil conspiracy is not a 'separate tort capable of independently sustaining an award of damages in the absence of other tortious injury to the plaintiff.'" *State Farm Mut. Auto. Ins. Co. v. Slade Healthcare, Inc.*, 381 F. Supp. 3d 536, 572 (D. Md. 2019) (*quoting Alexander & Alexander Inc. v. B. Dixon Evander & Assocs., Inc.*, 336 Md. 635, 645 n.8, 650 A.2d 260, 265 n.8 (1994). Instead, a civil conspiracy theory "extend[s] liability to the co-conspirators after some other tortious conduct is established." *Rojas v. Huntington Neighborhood Ass'n*, Civ. No. DLB-21-28, 2022 WL 616815, at *4 (D. Md. Mar. 1, 2022) (citation omitted).

Reviewing the Second Amended Complaint, Plaintiff fails to clearly articulate the type of conspiracy at issue. The only reasonable inference to draw from the Second Amended Complaint as written is that Plaintiff is trying to allege that the cashier and manager participated in a conspiracy to defame her.  However, Plaintiff fails to clearly articulate sufficient facts from which this Court can reasonably infer that the manager and the cashier conspired to so act. Indeed, the Second Amended Complaint refers at great length to the **manager's** alleged defamatory statements, but is devoid of sufficient, clear factual allegations to establish that the manager **and** the cashier entered into an agreement to defame the Plaintiff. (*See* Second Amended Complaint, ¶¶ 24, 25, 26, 27, 28, 29, 30, 31, 32, 47, 51, 52, 54). Accordingly, Plaintiff has failed to plausibly

18

allege "a confederation of two or more persons by agreement or understanding." *See Lloyd*, 397 Md. at 154, 916 A.2d at 284.Because Plaintiff fails to sufficiently plead this essential element, the Court grants Defendant's request to dismiss Count II of the Second Amended Complaint.

### D. Damages

Defendant alleges that Plaintiff is seeking damages that are not allowed under the law, namely, attorney's fees. (Request to Dismiss, pp. 3-4).[3] Defendant further alleges that Plaintiff is not entitled to seek punitive damages because she has not alleged actual malice. (*Id.*, p. 4). Plaintiff counters that the damages that she pleads in her Complaint comply with Fed. R. Civ. P. 8(a)(2), 8(e)(1). (Letter Opposition, p. 4).

Regarding attorney's fees, Maryland follows the "American rule," which states that in general, a prevailing party is not awarded attorney's fees. *See Friolo v. Frankel*, 403 Md. 443, 456, 942 A.2d 1242, 1250 (2008) (citing *Montgomery v. E. Corr. Inst.*, 377 Md. 615, 637, 835 A.2d 169, 183 (2003)). In Maryland, the four exceptions to the American rule permitting award of attorney's fees are as follows:

> (1) where a statute allows for the recovery of attorney's fees; (2) where the parties to a contract have an agreement regarding attorney's fees; (3) where the wrongful conduct of a defendant forces a plaintiff into litigation with a third party; or (4) where a plaintiff in a malicious prosecution action can recover damages from the defense of the criminal charge.

*Dias v. Est. of Ciccone*, 2021 WL 6052585, at *21 (Md. Ct. Spec. App. Dec. 21, 2021) (citing *Hess Constr. Co. v. Bd. of Educ.*, 341 Md. 155, 160, 669 A.2d 1352 (1996)).

Plaintiff has not identified a statute or contract entitling her to attorney's fees, nor has she alleged that the third or fourth exceptions are applicable to her case. Accordingly, her claims for

---

[3] Defendant also seems to suggest that Plaintiff is seeking a declaratory judgment that her rights were violated. (Request to Dismiss, p. 4). It is not entirely clear to the Court that she is. (Second Amended Complaint, pp. 6, 8). The Court finds that a defamation claim under Maryland law is not a claim for which a declaratory judgment is appropriate.

attorney's fees will be dismissed. *See Shoregood Water Co. v. U.S. Bottling Co.*, Civ. No. RDB 08-2470, 2010 WL 723763, at *5 (D. Md. Feb. 24, 2010) (motion to dismiss as to claims for attorney's fees granted, where plaintiff identified no exception to the American rule).

Finally, regarding punitive damages, Plaintiff has alleged that the manager had actual knowledge that her statements were false. (Second Amended Complaint, ¶¶ 45, 55, 56). Accordingly, the Court finds that Plaintiff has alleged actual malice and is entitled to move forward on punitive damages. *See Le Marc's Mgmt. Corp. v. Valentin*, 349 Md. 645, 653, 709 A.2d 1222, 1226 (1998) (plaintiff may recover punitive damages in a defamation action if plaintiff establishes that defendant had actual knowledge that the defamatory statements were false).

### E.  Dismissal With or Without Prejudice

Finally, Defendant requests that this Court dismiss all claims with prejudice. (Request to Dismiss, p. 5).

Whether to dismiss a case with or without prejudice lies within the discretion of the Court. *Adbul-Mumit v. Alexandria Hyundai, LLC*, 896 F.3d 278, 292 (4th Cir. 2018) (citing *Carter v. Norfolk Cmty. Hosp. Ass'n, Inc*., 761 F.2d 970, 974 (4th Cir. 1985) ("[D]ismissal under Rule 12(b)(6) is. . .with prejudice unless it specifically orders dismissal without prejudice. That determination is within the district court's discretion.").

Where a court does not give leave to amend or engage in discussion as to why amendment would be futile, the dismissal should be without prejudice. *King v. Rubenstein*, 825 F.3d 206, 225 (4th Cir. 2016). However, where a plaintiff has had the opportunity to amend her complaint to cure any deficiencies, or where amendment would otherwise be futile, dismissal with prejudice is appropriate. *Adkins v. Bank of New York Mellon*, Civ. No. PWG-15-3886, 2017 WL 2215131, at *1 n.2 (D. Md. May 19, 2017) (dismissing claims with prejudice where plaintiff had already

unsuccessfully attempted to amend the complaint to remedy deficiencies); *Morrison v. Int'l Union Sec., Police, & Fire Pros. of Am.*, Civ. No. AW-13-01146, 2013 WL 5274280, at \*4 (D. Md. Sept. 16, 2013) (dismissing with prejudice, where plaintiff did not request leave to amend or demonstrate that he had any viable claim against defendant).

In this case, Plaintiff has already had an opportunity to amend her complaint to cure any deficiencies. (ECF No. 22; Second Amended Complaint). *See Adkins*, 2017 WL 2215131, at \*1 n.2.  In addition, Plaintiff did not seek leave to file a third amended complaint after Defendant identified the continued deficiencies in her pleading by filing the Request to Dismiss. Thus dismissal is also appropriate on this ground. *Cooper v. Bozutto & Assocs., Inc.,* No. DLB-19-3141, 2020 WL 2085462, at \*6 (D. Md. Apr. 30, 2020) (dismissing with prejudice, where plaintiff did not plead facts to raise her claim above the speculative level and did not seek to file a third amended complaint after defendants identified deficiencies in the second amended complaint). Finally, Plaintiff makes clear in the Second Amended Complaint and her Letter Opposition that any possible agreement between the manager and the cashier was to "shake up" the Plaintiff and take her money to cover any shortage, not to defame her. (Second Amended Complaint, ¶ 66, 70, 71; Letter Opposition, p. 5). Thus, granting leave to amend would be futile. *See Yesko v. Fell*, Civ. No. ELH-13-3927, 2014 WL 4406849, at \*12 (D. Md. Sept. 5, 2014) (dismissing with prejudice, where plaintiff failed to state a claim and any clarification in her opposition further demonstrated that amendment would be futile).

In sum, the Court finds that amendment would be futile and dismissal with prejudice of Count II is appropriate.

**IV.      CONCLUSION**

For the foregoing reasons, the Request to Dismiss will be granted in part, denied in part.

Count II is dismissed with prejudice, and Count I remains.

A separate order will follow.

Dated:  August 30, 2022

                                    _____/s/_____
                                    The Honorable Gina L. Simms
                                    United States Magistrate Judge

22